NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-716

RICHARD A. COLE[1]

vs.

FIGLIOLA & ROMANO, LLC, & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On January 8, 2024, the plaintiff filed this qui tam action under the Massachusetts False Claims Act, G. L. c. 12, §§ 5A-5O (MFCA), against a law firm and its owners, claiming they were doing business in the Commonwealth without registering as a foreign limited liability company.  As required by G. L. c. 12, § 5C (3), the plaintiff filed the complaint under seal and served it on the Attorney General.  After obtaining a six-month extension of the initial 120-day sealing period,[3] the

_____

[1] On behalf of himself and the Commonwealth.

[2] Anthony J. Figliola and Mark T. Romano.

[3] No party requested a further extension of the sealing period.  Thus, the seal expired by operation of law in November 2024.  See G. L. c. 12, § 5C (3).

Commonwealth intervened in the matter on November 7, 2024.  The
Commonwealth then moved to dismiss the complaint on the grounds
that the Attorney General has the statutory authority to
voluntarily dismiss a qui tam action where the defendants have
not yet served an answer or summary judgment motion, that
continued prosecution would waste limited government resources,
and that the plaintiff could not represent the Commonwealth
because he was pro se.  A Superior Court judge allowed the
motion after a nonevidentiary hearing, and the plaintiff
appeals.[4]  We affirm.

The MFCA imposes civil liability on persons who knowingly
present false or fraudulent claims for payment or approval to
the Commonwealth.  See G. L. c. 12, § 5B.  While the Attorney
General can pursue civil remedies directly, the MFCA also
contains a private-enforcement mechanism under which an
individual, referred to as a "relator," "may bring a civil
action in superior court for a violation of" the MFCA "on behalf
of the relator and the commonwealth or any political subdivision

---

[4] On April 18, 2025, a finding entered on the docket that
the complaint was dismissed, and the plaintiff appealed from
that finding.  The parties treat the finding as a final
judgment, and so do we.  See GTE Prods. Corp. v. Stewart, 421
Mass. 22, 24 n.3 (1995).  Subsequently, on May 5, 2025, another
finding entered on the docket clarifying that the dismissal was
with prejudice.  The plaintiff did not file another notice of
appeal from the May 5, 2025 finding and made no argument on the
point, and so we do not address it.

thereof." G. L. c. 12, § 5C (2). Any such action, known as a qui tam action, must "be brought in the name of the commonwealth or the political subdivision thereof." Id. See Scannell v. Attorney General, 70 Mass. App. Ct. 46, 49 (2007). The complaint must remain under seal for a 120-day period (and any extensions thereof) after service on the Attorney General, see G. L. c. 12, § 5C (3), during which time the Attorney General must "assume control of the action" or "notify the court that [s]he declines to take over the action, in which case the relator shall have the right to conduct the action." G. L. c. 12, § 5C (4).

Importantly for our purposes, the MFCA expressly authorizes the Attorney General to "dismiss the action notwithstanding the objections of the relator if the relator has been notified by the attorney general of the filing of the motion and the court has provided the relator with an opportunity for a hearing on the motion." G. L. c. 12, § 5D (2). There is no dispute here that the plaintiff received notice and a hearing. The question is what standard applies to the Commonwealth's motion to dismiss. The Commonwealth argued, and the judge agreed, that it was entitled to voluntarily dismiss the action under Mass. R. Civ. P. 41 (a) (1), 365 Mass. 803 (1974), without any judicial inquiry into the reasons for its decision. In so arguing, the Commonwealth relied on United States ex rel. Polansky v.

3

Executive Health Res., Inc., 599 U.S. 419, 424 (2023), in which the United States Supreme Court, construing the Federal False Claims Act, 31 U.S.C. §§ 3729-3733, held that, when faced with a motion by the government to voluntarily dismiss a qui tam action, "district courts should apply the rule generally governing voluntary dismissal of suits:  Federal Rule of Civil Procedure 41 (a)."  The Court explained that "[t]he reason for alighting on Rule 41 is not complicated:  The Federal Rules are the default rules in civil litigation, and nothing warrants a departure from them" in qui tam actions.  Id. at 436.

Although the plaintiff correctly observes that Polansky does not bind us to reach the same result under the MFCA, in interpreting the MFCA, "we look for guidance to cases and treatises interpreting the Federal False Claims Act," on which the MFCA was modeled.  Scannell, 70 Mass. App. Ct. at 49 n.4.  The provision of the Federal False Claims Act relating to dismissal of actions brought by relators is substantively identical to G. L. c. 12, § 5D (2).  See 31 U.S.C. § 3730(c)(2)(A) ("The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion").  Likewise, Fed. R. Civ. P. 41 (a) is substantively identical to Mass. R. Civ. P.

4

41 (a). In his brief the plaintiff does not point to any material difference between the two statutes or the two rules. Nor does he offer any standard other than Mass. R. Civ. P. 41 (a) by which the Commonwealth's motion to dismiss should be assessed.

The plaintiff does argue that the procedure employed here violated multiple provisions of the Massachusetts Declaration of Rights, but we cannot discern from that discussion any plausible argument that dismissal of the action violated the plaintiff's individual rights. A qui tam action is "on behalf of and in the name of the [g]overnment" and "alleges injury to the [g]overnment alone." Polansky, 599 U.S. at 437. Under the MFCA the Commonwealth is the "real party in interest," Scannell, 70 Mass. App. Ct. at 50, and so it is the Attorney General who has the ultimate power to decide whether and how to prosecute, including the power to dismiss "notwithstanding the objections of the relator" after notice and a hearing. G. L. c. 12, § 5D (2). See Scannell, supra (MFCA "subordinates the interests of a would-be relator to those of the Commonwealth").

We recognize that where, as here, the Commonwealth files a motion to dismiss under subsection (1) of Mass. R. Civ. P. 41 (a), it is unclear what role the judge will have at the hearing required by the MFCA. See Mass. R. Civ. P. 41 (a) (1) ("an action may be dismissed by the plaintiff without order of

5

court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment").[5]  The plaintiff contends that the hearing should have some meaning, but again he does not identify what standard the judge should have applied, offering only general assertions of constitutional error.  See Swift v. United States, 318 F.3d 250, 253 (D.C. Cir. 2003), cert. denied, 539 U.S. 944 (2003) ("the function of a hearing when the relator requests one is simply to give the relator a formal opportunity to convince the government not to end the case").  And while there is some suggestion in Federal caselaw that the government's power to dismiss a qui tam suit is limited by the principles of substantive due process and equal protection, these constitutional limitations will apply only in "exceptional" circumstances, which have not been demonstrated here.  United States ex rel. CIMZNHCA, LLC v. UCB, Inc., 970 F.3d 835, 852 (7th Cir. 2020), cert. denied 141 S. Ct. 2878 (2021).  See

_____

[5] In Polansky, 599 U.S. at 428, the government did not move to dismiss until years of litigation had already occurred.  Its motion was thus governed by subsection (2) of Fed. R. Civ. P. 41 (a), which, similar to Mass. R. Civ. P. 41 (a) (2), requires that the court approve the dismissal "on terms that the court considers proper."  In affirming the judgment of dismissal, the Supreme Court held that, at a hearing on such a motion in a qui tam action, "[i]f the Government offers a reasonable argument for why the burdens of continued litigation outweigh its benefits, the court should grant the motion . . . even if the relator presents a credible assessment to the contrary." Polansky, supra at 438.

Polansky v. Executive Health Res. Inc., 17 F.4th 376, 390 n.16 (3d Cir. 2021), aff'd, 599 U.S. 419 (2023).

In sum, if there are grounds not to apply the Supreme Court's reasoning in Polansky to the MFCA, and there may perhaps be, those grounds have not been demonstrated to us in this appeal. Thus, while we understand the plaintiff's frustration with the dismissal of his complaint, we see no basis on which to overturn the judgment.

> Judgment entered April 18, 2025, affirmed.
>
> By the Court (Henry, Shin & Toone, JJ.[6]),
>
> Clerk

Entered: April 7, 2026.

---

[6] The panelists are listed in order of seniority.